UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MID-CONTINENT CASUALTY CO.,

    Plaintiff,

    v.

TITAN CONSTRUCTION CORP.,

    Defendant.

No. C05-1240 MJP

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE JOINDER IN JURY DEMAND

This matter comes before the Court on Plaintiff's motion to strike joinder in jury demand filed by Defendant Titan Construction Corp. ("Titan"). (Dkt. Nos. 93 & 95.) After reviewing the motion, Titan's response (Dkt. Nos. 94 & 131), supplemental briefing by both parties (Dkt. Nos. 136 & 137), and the balance of the record, the Court DENIES the motion for the reasons set forth below.

**Background**

Plaintiff originally brought this action against a number of co-defendants, including Titan and United National Casualty Insurance Co. ("United National"). Titan accepted service of the Summons and Complaint on August 8, 2005 (Dkt. No. 9) and filed its answer on October 4, 2005 (Dkt. No. 19). Titan's answer did not include a jury demand. (See Dkt. No. 19.)

In their Joint Status Report filed on October 26, 2003, the parties represented that they "reserve[d] the right to request a jury trial" even though no jury demand had been made at the time. (Dkt. No. 23 at 3.) A week later, the Court docketed the case for a jury trial. (Dkt. No. 26.)

ORDER - 1

Defendant United National accepted service of the Summons and Complaint on July 26, 2005 (Dkt. No. 4), but did not file its answer until April 11, 2006 (Dkt. No. 47). United National's answer included a jury demand. (See Dkt. No. 47.) In the eight months before United National filed its answer, Plaintiff never moved for default against United National nor did Plaintiff move to strike United National's late-filed answer.

After United National was dismissed from the action, Titan filed a notice of joinder in United National's jury demand. (Dkt. No. 92.) Plaintiff then filed objections and a motion to strike Titan's joinder in United National's jury demand. (Dkt. Nos. 93 & 95.) This motion is now before the Court.[1]

## Analysis

A party waives its right to a jury trial unless its demand is properly served and filed "no later than ten days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38. The Ninth Circuit has interpreted Rule 38 as "incorporating a right of reasonable reliance on the jury demand of another party." Cal. Scents v. Surco Prods., 406 F.3d 1102, 1106 (9th Cir. 2005) (internal quotation marks and citation omitted). "[O]nce one party files such a demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands." Fuller v. City of Oakland, 47 F.3d 1522, 1531 (9th Cir. 1995).

The caselaw interpreting Rule 38 primarily involves situations where a party's initial jury demand eliminates the necessity for other parties to make subsequent jury demands. Id.; see also Calinetics Corp. v. Volkswagen of America, Inc., 532 F.2d 674, 690 (9th Cir. 1976). However, the reverse could also apply – the Ninth Circuit has not indicated that a party who failed to make an initial jury demand cannot rely on a later demand. Instead, Fed. R. Civ. P. 38(d) makes clear that, once a proper jury demand is made, it cannot be withdrawn without the consent of all parties.

---

[1]The motion was stricken on September 21, 2006 pending the Court's order on the parties' motions for summary judgment (Dkt. No. 96) and was reopened on September 12, 2008 when the case was remanded from the Ninth Circuit Court of Appeals.

ORDER - 2

Because Plaintiff made no objection to United National's late-filed answer, the jury demand contained in that answer is valid and cannot be withdrawn without Titan's consent. United National's dismissal from the action does not affect the properly made jury demand, and Plaintiff's motion must be DENIED.[2]

The clerk is directed to provide copies of this order to all counsel of record.

Dated: November 6, 2008

*[signature]*

Marsha J. Pechman

U.S. District Judge

---

[2] Plaintiff's additional arguments concerning the real party in interest and corporate disclosure statements have no bearing on the Rule 38 analysis. (See Dkt. No. 137 at 3.)

ORDER - 3