UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MID-CONTINENT CASUALTY CO.,

Plaintiff,

v.

TITAN CONSTRUCTION CORP.,

Defendant.

No. C05-1240 MJP

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF STANDING

This matter comes before the Court on Plaintiff's motion to dismiss for lack of standing or for substitution of parties. (Dkt. No. 149.) Having reviewed the motion, response (Dkt. No. 150), reply (Dkt. No. 153), and the balance of the record, the Court DENIES the motion for the reasons set forth below. As a result, Defendant's pending motion for summary judgment (Dkt. Nos. 52 & 140) is reinstated. Plaintiff's response to that motion is due on March 9, 2009, and Defendant's reply in support of its motion is due on March 13, 2009. (See Dkt. No. 148.) If Plaintiff wishes to file an additional motion for summary judgment, it must be filed by Monday, March 2, 2009. (Id.)

**Background**

This is an insurance coverage dispute. In April 1998, Kennydale Vista, LLC ("Kennydale") contracted with Defendant Titan Construction Corporation ("Titan") to construct the Williamsburg Condominiums. (Dkt. No. 54, Ex. 6.) Titan had purchased a commercial general liability (CGL) policy issued by Plaintiff Mid-Continent Casualty Company ("Mid-Continent"). (Dkt. No. 54, Ex.

ORDER - 1

1.) In April 2003, the Williamsburg Condominium Association ("Williamsburg") filed a construction defect lawsuit in King County Superior Court against Kennydale and a number of other defendants, but did not include Titan. (Dkt. No. 54, Ex. 5.) Kennydale then brought a third-party claim against Titan. (Dkt. No. 64, Ex. 3B.)

On June 20, 2005, Kennydale agreed to dismiss all claims against Titan in exchange for various payments and assignments including "[a]ssignment of Titan's rights against Mid-Continent Insurance Company arising from handling this litgation[.]" (Dkt. No. 64-17 at 2-3.) A formal settlement agreement of these terms was executed sometime in August 2005. (Dkt. No. 54-13 at 9-14.) On June 28, 2005, Kennydale and Williamsburg executed a settlement agreement resolving the original state-court claims for 6 million dollars. (Dkt. No. 151-2 at 1-6.) Kennydale's insurer, National Union Fire Insurance of Pittsburgh, PA ("National Union"), paid for some portion of the settlement with Williamsburg. (Dkt. No. 150 at 2-3.)

Titan Construction Corporation was dissolved on July 8, 2005, five days before Mid-Continent filed this declaratory judgment action against a number of defendants, including Titan, Kennydale and National Union. Kennydale was dismissed by stipulation on August 13, 2008. (Dkt. No. 119.) Mid-Continent and National Union stipulated to National Union's dismissal on June 27, 2007, but the Court refused to enter the stipulation in light of its October 12, 2006 ruling granting Mid-Continent's summary judgment motion. (See Dkt. No. 109.) National Union did not appeal the summary judgment ruling, and Titan is the only remaining defendant in this action.

Mid-Continent seeks a ruling that it owed no duty to indemnify and/or defend Titan for the third-party claims brought against Titan in the underlying litigation. (Dkt. No. 1 at 7.) Titan has brought a counterclaim alleging entitlement to defense and indemnity coverage for the underlying litigation. (Dkt. No. 19 at 8.) Mid-Continent's current motion challenges Titan's standing as the real party in interest under Fed. R. Civ. P. 17.

**Analysis**

Mid-Continent concedes that Titan assigned its claims against Mid-Continent to Kennydale as part of the settlement in the underlying case. (See Dkt. No. 149 at 4, 5.) However, Mid-Continent argues that no proper assignment of those rights was ever made to National Union because Titan "purported to assign claims to National Union [in August]" after Titan Corporation had been dissolved on July 8, 2005. (Dkt. No. 149 at 7.) Mid-Continent errs in failing to acknowledge that National Union acquired Titan's rights by subrogation and not by assignment.

"Subrogation is the principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." Mut. of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wn.2d 411, 423 (2008) (citing Black's Law Dictionary 1467 (8th ed. 2004)). After Titan assigned its claims against Mid-Continent to Kennydale, Kennydale's insurer, National Union, became subrogated to those claims when it paid the settlement to Williamsburg in the underlying litigation. Equitable subrogation arises by operation of law and does not require a contract or assignment. Mahler v. Szucs, 135 Wn.2d 398, 412 (1998) (citing Ross v. Jones, 174 Wash. 205, 216 (1933)). To pursue its right to reimbursement, "the subrogee, standing in the shoes of its subrogor, may pursue an action in the subrogor's name against the third party[.]" Id. at 413. Here, National Union, the subrogee, stands in the shoes of Titan, its subrogor.

The Court must now determine whether National Union or Titan is the real party in interest under Fed. R. Civ. P. 17. Because this action was brought in federal court under diversity jurisdiction, the Court applies state law to determine the identity of the real party in interest. Allstate Ins. Co. V. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004). In subrogation actions under Washington law, "the insured remains the real party in interest." McRory v. N.Ins.Co. of N.Y., 138 Wn.2d 550, 556 n.6 (1999). Titan's claim for insurance against Mid-Continent for coverage related to the

ORDER - 3

1  underlying litigation has been subrogated to National Union, but under Fed. R. Civ. P. 17, Titan, as
2  the insured, is the real party in interest.

3  Titan's dissolution on July 8, 2005 does not affect its standing in this action because a dissolved corporation may sue and be sued under Washington law. <u>Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.</u>, 158 Wn.2d 603, 615 (2006) (citing RCW 23B.14.050(2)(e), "[e]xcept as otherwise provided in this chapter, dissolution of a corporation does not ... [p]revent commencement of a proceeding by or against the corporation in its corporate name"). Under Washington law, remedies against a corporation, its directors, officers or shareholders survive for two years after dissolution of the corporation. RCW § 23B.14.340. Additionally, a dissolved corporation may engage in an action to "collect[] its assets" as part of its winding up activities. RCW § 23B.14.050. This litigation, involving an initial declaratory judgment action by Mid-Continent and Titan's resulting counterclaim, falls within the range of actions permitted by and against a dissolved corporation under Washington law.

Finally, the Court recognizes that neither Titan nor Mid-Continent filed the required Corporate Disclosure Statement at the start of this litigation. <u>See</u> Fed. R. Civ. P. 7.1. Both parties are directed to submit those disclosures within five days of the date of this order.

**Conclusion**

Because Titan is the real party in interest and because Titan's dissolution does not affect its standing in this action, Plaintiff's motion to dismiss is DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February 20, 2009.

*[signature]*
Marsha J. Pechman
U.S. District Judge

ORDER - 4