UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MID-CONTINENT CASUALTY CO., an Oklahoma corporation,<br><br>Plaintiff,<br><br>v.<br><br>TITAN CONSTRUCTION CORP., a Washington corporation, et al.,<br><br>Defendants. | Case No. C05-1240MJP<br><br>ORDER GRANTING DEFENDANT TITAN'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Defendant Titan's motion for attorney's fees. (Dkt. No. 169.) The Court has reviewed the motion, Plaintiff's opposition brief (Dkt. No. 180), Titan's reply (Dkt. No. 181), and all other pertinent documents in the record. For the reasons set forth below, the Court GRANTS Titan's motion.

**Background**

This is an insurance coverage dispute. In April 1998, Kennydale Vista, LLC contracted with Defendant Titan Construction Corporation to construct a nine-building project in Renton, Washington known as the Williamsburg Condominiums. (Dkt. No. 54, Ex. 6.) The buildings were completed between July 1999 and March 2000. (Dkt. No. 53 ¶ 7.)

In April 2003, the Williamsburg Condominium Association filed a construction defect lawsuit in state court against a number of defendants, including Kennydale. (Dkt. No. 54, Ex. 5.) Williamsburg alleged "extensive water damages to the structures resulting from construction deficiencies." (Dkt. No. 57 at 2.) Kennydale brought a third-party complaint

ORDER GRANTING DEFENDANT TITAN'S MOTION FOR ATTORNEY'S FEES- 1

against Titan for breach of contract, breach of warranties, indemnification, errors and omissions, and contribution. (Dkt. No. 64, Ex. 3B.) At the time the lawsuit was filed, Titan held a commercial general liability (CGL) policy issued by Plaintiff. (Dkt. No. 54, Ex. 1.)

In August 2005, Kennydale and Titan settled. (Dkt. No. 54, Ex. 8.) Pursuant to the agreement, the state court entered a stipulated judgment that required Titan to pay Kennydale $4.5 million and to assign to Kennydale all of its rights to claims against Plaintiff related to the incident. Kennydale also settled with Williamsburg for $6 million. Kennydale's insurer, National Union Fire Insurance of Pittsburgh, PA ("National Union"), paid for some portion of the settlement with Williamsburg. (Dkt. No. 150 at 2-3.) National Union thereby acquired Titan's rights against Plaintiff by subrogation from Kennydale. (Dkt. No. 154 at 3.)

Plaintiff filed this action in July 2005 seeking: (1) an order declaring the relative rights and responsibilities of the parties under the insurance policies issued by Plaintiff to Titan, and (2) an order finding that Plaintiff owed no duty to indemnify or defend Titan as a third-party defendant in the lawsuit by Williamsburg against Kennydale. (Dkt. No. 1.) Plaintiff named multiple defendants, including Titan.

This Court granted summary judgment in favor of Plaintiff, holding that Titan's insurance policy did not cover the damage to the buildings. (Dkt. No. 98.) Titan appealed and the Ninth Circuit reversed, finding that the policy did apply and that two policy exclusions were inapplicable on the face of the record. (Dkt. No. 110.) The Ninth Circuit remanded the case to this Court to determine whether any of the remaining policy exclusions applied. (Id.) This Court found that none of the exclusions applied, and granted summary judgment for Titan. (Dkt. No. 166.) Titan now requests that the Court award its attorney's fees incurred in defending Plaintiff's declaratory judgment action. (Dkt. No. 169.)

**Discussion**

Titan contends that it is entitled to reasonable attorney's fees under the equitable rule of Olympic Steamship Co. v. Centennial Ins. Co., 117 Wn.2d 37 (1991), because it prevailed

ORDER GRANTING DEFENDANT TITAN'S MOTION FOR ATTORNEY'S FEES- 2

against its insurer in this action to deny coverage. Plaintiff claims that <u>Olympic Steamship</u> does not apply because National Union, currently acting in Titan's stead, obtained Titan's right of action against Plaintiff by subrogation rather than assignment.

The Court agrees with Titan. Plaintiff asserts that <u>Olympic Steamship</u> categorically does not apply when the prevailing party acquired its right of action through subrogation, but Plaintiff provides no relevant authority for that proposition. The case that Plaintiff cites to support its argument, <u>Polygon Nw. Co. v. Am. Nat'l Fire Ins. Co.</u>, 143 Wn.App. 753, 794-96 (2008), denied attorney's fees under <u>Olympic Steamship</u> because the asserted right of recovery never belonged to the insured at all. That is not the case here.

Even though National Union is currently representing Titan's interest in this matter, this Court has already found that the right being asserted is still that of Titan against Plaintiff to establish coverage. (Dkt. No. 154.) The fact that National Union acquired Titan's right of action by subrogation rather than assignment is immaterial, because "[i]n subrogation actions, the insured remains the real party in interest." <u>McRory v. Northern Ins. Co. of N.Y.</u>, 138 Wn.2d 550, 557 n.6 (1999) (citing <u>Mahler v. Szucs</u>, 135 Wn.2d 398, 415 (1998)). National Union incurred these fees standing in the shoes of Plaintiff's insured, Titan, in order to defeat a declaratory judgment action intended to deny insurance coverage. The right to that coverage passed from Titan to Kennydale by assignment, then from Kennydale to National Union by subrogation. National Union, acting on Titan's rights, is therefore entitled to attorney's fees under <u>Olympic Steamship</u>. <u>Mahler</u>, 135 Wn.2d at 413.

The Court also holds that <u>Olympic Steamship</u> entitles Titan to fees incurred on intermediate appeal to the Ninth Circuit—a matter Plaintiff does not address. When the Ninth Circuit remanded to this Court, Titan had not yet established Plaintiff's liability, and hence <u>Olympic Steamship</u> did not yet apply. Now that this Court has found Plaintiff liable, Titan is entitled to the fees it incurred at all levels of litigation in order to establish its coverage. <u>See Leingang v. Pierce County Medical Bureau</u>, 131 Wn.2d 133, 149 (1997) (holding that

ORDER GRANTING DEFENDANT TITAN'S MOTION FOR ATTORNEY'S FEES- 3

Olympic Steamship fees are intended to make the insured whole). This Court has discretionary authority to award the full amount of such fees, and hereby does so. See Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 884 (9th Cir. 2005) (holding in a case involving 17 U.S.C. § 505 that a district court has authority to award "attorneys' fees incurred for services that contribute to the ultimate victory in the lawsuit," even where the prevailing party did not apply for appellate fees directly to the circuit court) (quoting Cabrales v. Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991)); NRDC v. Winter, 543 F.3d 1152, 1164 (9th Cir. 2008).

**Conclusion**

The Court holds that Olympic Steamship entitles Titan to reasonable attorney's fees incurred defending against Plaintiff's declaratory judgment action to deny coverage. The Court awards Titan the attorney's fees it incurred before this Court and on appeal of this Court's prior summary judgment ruling (Dkt. No. 98). Titan is instructed to submit a proposed final order containing the amount of incurred fees and costs, supported by affidavits and billing records. The proposed final order and supporting documents must be filed by August 17, 2009. Any objections to the proposed fees and costs must be filed by August 31, 2009.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 3rd day of August, 2009.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge